# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GEORGE RICHARD MENDOZA,**
**D.O.C. #099172,**

    **Plaintiff,**

**vs.**                                                                                 **Case No. 4:20cv214-MW-MAF**

**SECRETARY MARK INCH, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding pro se, initiated this case on April 27, 2020, by submitting a motion requesting leave to proceed in forma pauperis, ECF No. 2, which has been granted in a separate Order entered this day. Plaintiff simultaneously filed a civil rights complaint under 42 U.S.C. § 1983, ECF No. 1, a motion for an emergency preliminary injunction, ECF No. 3, and a motion requesting the appointment of counsel. As Plaintiff has not been required to pay an assessed initial partial filing fee, these pleadings have been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff's emergency motion asserts that he is "at serious risk of harm" by the deliberate indifference of his Eighth Amendment right to be housed safely during his period of incarceration. ECF No. 3. Plaintiff contends that he has been denied placement in protective management and his safety cannot wait until the conclusion of a jury trial. *Id.* at 1. Plaintiff states that since October of 2019, he "has been in confinement" and has requested, and been denied, protection four times. *Id.* at 3.

Plaintiff alleges that he has been assaulted while housed at the Reception and Medical Center, Dade Correctional Institution, the Dade County Jail, Tomoka Correctional Institution, Jefferson, Correctional Institution, Columbia Correctional Institution, and Martin Correctional Institution. *Id.* at 2. Plaintiff contends that his characters, mannerism, reputation, and other issues have made him a target for abuse and he asserts that the history of past incidents demonstrate "a strong likelihood, rather than a mere possibility of injury exists" if Plaintiff is kept in general population. *Id.* at 4-6. He asserts that due to "limited space" in the protective management [PM] unit, Defendants have created obstacles and are refusing him admission to the PM unit. *Id.* at 4.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

> (1) a substantial likelihood of success on the merits;
>
> (2) a substantial threat of irreparable injury unless the injunction issues;
>
> (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and
>
> (4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). To be entitled to a preliminary injunction, a plaintiff must demonstrate all four prerequisites. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

In this case, Plaintiff has been directed to file an amended complaint because his initial complaint was insufficient as filed. Thus, Plaintiff has not demonstrated a substantial likelihood of success on the merits.

Additionally, Plaintiff has not demonstrated that he faces a substantial threat of irreparable injury unless the injunction were issued because Plaintiff's motion expresses concern about his safety in general population. However, Plaintiff's motion makes clear that he has been held in a confinement unit since October 2019 and is not in general population.

It is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, ECF No. 3, be **DENIED** and this case be **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 1, 2020.

 S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.