IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GEORGE RICHARD MENDOZA,**
**D.O.C. #099172,**

    **Plaintiff,**

vs.                                  Case No. 4:20cv214-MW-MAF

**SECRETARY MARK INCH, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se and with in forma pauperis status, filed an amended civil rights complaint under 42 U.S.C. § 1983, ECF No. 11, which was reviewed and deemed insufficient to proceed. An Order was entered on June 2, 2020, requiring Plaintiff to file a second amended complaint by July 3, 2020. ECF No. 12.

    Plaintiff has not yet filed the second amended complaint, but has filed two motions for an emergency preliminary injunction. ECF Nos. 14-15. In the first motion, ECF No. 14, Plaintiff asserts that he "is at serious risk of harm in the pm unit, close management unit, open general population, and

confinement units" because Plaintiff is "a transgender, non-gang affiliated inmate." ECF No. 14 at 1. Plaintiff advises that he has exhausted administrative remedies seeking protection and complaining of housing gang inmates together with non-gang inmates. *Id.* at 2. He complains that Department of Corrections' officials are deliberately indifferent to the risk of harm and "are catering to security threat group inmates" which creates a "dangerous, hostile, explosive 'gladiator-like environment.'" *Id.*

Plaintiff acknowledges that he is housed "in a protective management unit" but he claims that the "unit is flooded with security threat group inmates" where drugs are present, making it a "volatile and dangerous environment." *Id.* at 6. Plaintiff seeks an order which will require the separation of "security threat group inmates" by housing them "in separate open general population institutions, separate confinement units, separate protective management units, and separate close management units from non-security threat group inmates." *Id.* at 8-9.

Plaintiff's second motion for an emergency preliminary injunction requests issuance of an order to the mail room supervisor, Fred McGuire, to cease hindering Plaintiff's access to the courts. ECF No. 15 at 1-2. Plaintiff states that Mr. McGuire refused to accept a memorandum of law

as "legal mail" and told Plaintiff he would have to provide his own postage to mail the document.[1]  *Id.* at 3-4.  Plaintiff asserts that Department rules direct that postage will be paid by the Department and a lien placed on an inmate's account for legal mail.  *Id.* at 2-4.  Thus, Plaintiff seeks an emergency injunction requiring Mr. McGuire to provide postage for his legal mail and place a lien on his account in compliance with the rule.  *Id.* at 4-5.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

    (1) a substantial likelihood of success on the merits;

    (2) a substantial threat of irreparable injury unless the injunction issues;

    (3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

    (4) granting the injunction would not be adverse to the public interest.

---

[1] That document has, presumably, been filed in this case as a "memorandum of law in support of Plaintiff's" complaint was received on June 2, 2020.  ECF No. 13.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). To be entitled to a preliminary injunction, a plaintiff must demonstrate all four prerequisites. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

In this case, Plaintiff cannot show, at this point, a substantial likelihood of success on the merits because his amended complaint was deemed insufficient and he has been required to file a second amended complaint. Furthermore, Plaintiff's first motion for injunctive relief is focused on stating the law rather than stating facts. Plaintiff's motion does not sufficiently demonstrate that he cannot be protected while in the protective management unit or that he faces a substantial risk of harm. The assertions made are conclusory and unsupported by specific facts showing a current risk of harm to Plaintiff. Thus, Plaintiff has not shown entitlement to a preliminary injunction.

As for Plaintiff's second motion, two additional deficiencies are worth noting. First, Mr. McGuire is not a named Defendant in this case nor does this case involve First Amendment claims. Second, the Court has <u>not</u>

ordered Plaintiff to serve copies on a Defendant because service has not yet been directed. Plaintiff need not submit copies of documents filed in this case to a Defendant until that Defendant has been served with process. Doing so at this stage of the litigation is an unnecessary expense. Moreover, as Plaintiff has recently been advised, a complaint must contain facts and Plaintiff should not submit a memorandum of law to accompany his complaint.

It is respectfully **RECOMMENDED** that Plaintiff's motions for an emergency restraining order, ECF Nos. 14-15, be **DENIED** and this case **REMANDED** to the undersigned for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 24, 2020.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.