**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GEORGE RICHARD MENDOZA,**

    Plaintiff,

vs.                                        Case No.4:20-CV-00214-MW-MAF

**MARK S. INCH,
SEC'Y FLORIDA DEP'T OF CORR.,
et al.**

    Defendant(s).
_____/

**REPORT AND RECOMMENDATION RE:
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION,
ECF NO. 64**

This Cause comes before the Court upon Plaintiff's "Motion for Preliminary Injunction," ECF No. 64. Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against Defendants alleging that on October 13, 2019, while in custody at the Reception and Medical Center ("Lake Butler"), he was "robbed and sexually assaulted at knife point" by inmates, which was a result of Defendants' failure to maintain security. ECF No. 33. Defendants' answer to Plaintiff's complaint is due by August 16, 2021. ECF No. 62. For the reasons stated herein, Plaintiff's motion for injunctive relief should be DENIED.

## I. Plaintiff's Allegations in the Motion for Injunctive Relief, ECF No. 64.

In his motion for injunctive relief, Plaintiff repeats his claims that he was assaulted in 2019 by fellow inmates while at Lake Butler and that Defendant Cruz assaulted him "in an attempt to coerce [him] to drop [the] allegations." ECF No. 64, p. 2. Plaintiff does not state when this "assault" by Defendant Cruz occurred, nor does he provide any details of the alleged assault.

Plaintiff is currently in custody at Wakulla Annex. Id., p. 5. Following an examination on July 28, 2021, an "eye specialist" informed Plaintiff he had signs of glaucoma and would refer him for further treatment at Lake Butler. Id., p. 3. Plaintiff claims that he cannot have this treatment at Lake Butler because he is at risk for retaliation from Defendants and asks to be sent to an "alternate specialist" at a different facility. Id., p. 4.

## II. Standard of Review

It is within the sound discretion of the district court to grant or deny a preliminary injunction, which will not be disturbed absent a clear abuse of discretion. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). See also LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). The standard for issuing a preliminary injunction is the same as is required for a temporary restraining order. See California v. American Stores

Co., et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dep't of Agriculture, 734 F.2d 774 (11th Cir. 1984).

In order for Plaintiff to be entitled to a preliminary injunction, he must show:

1. a substantial likelihood of success on the merits;

2. the order is necessary to prevent irreparable injury;

3. the threatened injury outweighs the harm that the order would cause to the non-movant; and

4. the order is not adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); see also Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). District courts within the Eleventh Circuit are applying the standard set forth in Winter. See Madera v. Detzner, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing Winter as the governing standard for a preliminary injunction). A preliminary injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

> The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is 'irreparable' only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*.

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations and quotations omitted).

Typically, the individual or entity from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842 (11th Cir. 1995); see Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

### III. Discussion

First, there is no substantial likelihood of success on the merits of Plaintiff's retaliation claim. The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. See Crawford-El v Britton, 523 U.S. 574, 588 n.10, 592-93 (1998); Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003) (citations omitted). "First

Amendment rights to free speech and to petition the government for a redress of grievances are violated when a prisoner is punished for filing a grievance concerning the conditions of his imprisonment." Boxer X v. Harris, 437 F.3d 1107, 1112 (11th Cir. 2006). To prevail on a claim of retaliation, the inmate must establish these elements: (1) his speech was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal relationship between the retaliatory action and the protected speech. See Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)). Here, Plaintiff makes a general allegation that Defendant Cruz previously assaulted him in an attempt to get him to drop the allegations, but he provides no dates or details in order to plausibly plead a First Amendment retaliation claim.

    Second, although the Secretary of the Florida Department of Corrections holds the authority to transfer prison assignments, Plaintiff has failed to show the type of imminent danger of irreparable harm necessary to support the issuance of a preliminary injunction or temporary restraining order. Plaintiff's allegations about future retaliation are, at best, vague.

    The third factor, balancing potential harm to the parties, clearly weighs more heavily in favor of the prison officials because the issuance of the

requested injunction would severely undermine the authority of correctional facilities.  Plaintiff seeks to have medical treatment conducted at any other correctional facility *except* Lake Butler. However, it is well settled that inmates do not have a constitutional right against being transferred to another institution, have no right to incarceration in a prison of their choice, and are not entitled to any prisoner- or status classification. Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018) citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Moody v. Daggett, 429 U.S. 78, 88 (1976); cf. Beltran v. Smith, 458 U.S. 1303, 1305 (1982) (in case where federal inmate objected to prison transfer because he felt safer and more secure at current institution, court denied inmate's application for emergency stay while appeal from denial of motion for preliminary injunctive relief was pending in court of appeals because "[t]he Attorney General has authority to transfer [the inmate] from one facility to another in his discretion.").

This Court should be hesitant to interfere with the administrative processes of a prison. "Granting the injunction would require the federal courts to interfere in the administration of the jail and take over the management or treatment of a single inmate." Brown v. Anglin, 2016 U.S. Dist. LEXIS 158113, 2016 WL 6803133, at *2 (N.D. Fla. June 27, 2016),

report and recommendation adopted sub nom. <u>Brown v. Holland</u>, 2016 U.S. Dist. LEXIS 158110, 2016 WL 6780319 (N.D. Fla. Nov. 15, 2016). "[C]ourts are ill-equipped to deal with" the complexities of prison administration. <u>Lawson v. Singletary</u>, 85 F.3d 502, 510 (11th Cir. 1996). Essentially, granting the relief requested by Plaintiff would provide the inmate with the means within which to dictate prison housing assignments. Prison assignments are a function wholly within the discretion of prison authorities. <u>Olim</u>, 461 U.S. at 245.

Finally, the public interest element of the equation is, at best, a neutral factor at this juncture. The Court acknowledges the seriousness of Plaintiff's allegations. However, because Plaintiff cannot satisfy all four prerequisites, his request for injunctive relief should be DENIED.

## IV. Conclusion and Recommendation

It is respectfully recommended that Plaintiff's Motion for Injunctive Relief, ECF No. 64, be DENIED with prejudice. The Clerk is directed to remand the case to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on August 12, 2021.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).