IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GEORGE RICHARD**
**MENDOZA,**

    *Plaintiff*,

v.                                             Case No.: 4:20cv214-MW/MAF

**RICKY D. DIXON, SEC'Y**
**FLORIDA DEP'T OF CORR.,**
**et al.,**

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

    This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 140, and has also reviewed *de novo* Plaintiff's objections, ECF No. 143. Defendants Tom and Mote move to dismiss based on Plaintiff's failure to exhaust administrative remedies. This Court is not finding that Plaintiff failed to file a grievance within the 20-day time limit—indeed, given that Plaintiff alleges he was the victim of a sexual assault, Plaintiff was permitted to file a grievance regarding this issue at any time. Instead, the issue is whether Plaintiff complied with requirements to appeal a single grievance concerning the events at issue in this case all the way to the Secretary in accordance with administrative procedures. Here, aside from Plaintiff's conclusory assertions, he has offered no

evidence to show he was kept from appealing his grievances in compliance with the grievance policy. Indeed, the record disproves any conclusory assertion that he was prevented from properly appealing his grievance. *See, e.g.*, ECF No. 138 (attachments including grievance log, copies of grievances, and responses). Indeed, Plaintiff either continued to file *new* informal grievances rather than appealing his rejected grievances to the top, or he skipped steps in the appeal process in violation of departmental policy. For example, as to the informal grievance the Magistrate Judge refers to as "Informal Grievance No. 190," Plaintiff reasserted his allegations of sexual assault and the failure to maintain security, but instead of appealing this grievance to the second level of review, Plaintiff skipped a step and appealed it directly to the Secretary contrary to the Department's appeal procedures. This grievance was returned without action because it was non-compliant with the grievance procedures. *See* ECF No. 138 at 55–56. Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 140, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Defendants' motions to dismiss, ECF Nos. 122 and 136, are **GRANTED**. Plaintiff's claims against Defendants Tom and Mote are **DISMISSED** for failure to exhaust administrative remedies. However, Plaintiff's First Amendment retaliation claim remains pending

2

against Defendant Cruz. This matter is remanded to the Magistrate Judge for further proceedings.

    **SO ORDERED on July 18, 2022.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
