IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GEORGE RICHARD
MENDOZA,

    *Plaintiff*,

v.                                     Case No.: 4:20cv214-MW/MAF

RICKY D. DIXON, SEC'Y
FLORIDA DEP'T OF CORR.,
et al.,

    *Defendants*.
_____/

## ORDER ACCEPTING IN PART AND REJECTING IN PART
## REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 197, and has also reviewed *de novo* Plaintiff's objections, ECF No. 198. For the reasons that follow, the Report and Recommendation is **ACCEPTED in part** and **REJECTED in part**. Defendants' motion for summary judgment, ECF No. 175, is **GRANTED in part** and **DENIED in part**.

Plaintiff's primary objection is that he raised genuine disputes of material fact that should preclude summary judgment on his Eighth Amendment failure-to-protect claim and his First Amendment retaliation claims. ECF No. 198 at 6–7. While a close call, this Court agrees. Plaintiff has raised genuine disputes of material fact on

both claims, so this Court rejects the Magistrate Judge's recommendation that Defendants be awarded summary judgment on those grounds. This Court also rejects the Magistrate Judge's recommendation that Defendants be entitled to qualified immunity. This Court accepts, however, the remainder of the Magistrate Judge's recommendations.

I

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is " 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material" facts are those that might affect the outcome of the case under the governing substantive law, not those that "are irrelevant or unnecessary." *Id.* (citation omitted). Failure by the nonmoving party to prove an essential element of its case, for which it has the burden of proof at trial, entitles the moving party to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

A

First, Plaintiff's Eighth Amendment deliberate indifference claim against Defendants Mote and Tom. The Magistrate Judge recommended that Defendants be awarded summary judgment because Plaintiff failed to point to any facts indicating

2

that Defendants knew "Mendoza (or anyone) faced a substantial risk of serious harm that was more than just a mere possibility of serious harm." ECF No. 197 at 24. This Court disagrees and finds that Plaintiff raises a genuine dispute of material fact as to all elements of his failure-to-protect claim.

A prison official's alleged failure to protect an inmate from a substantial risk of harm violates the Eighth Amendment when the official acts with deliberate indifference. "To survive summary judgment in a case alleging deliberate indifference, a plaintiff must 'produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013) (quoting *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir. 2003) (per curiam)).

Plaintiff has shown a genuine dispute of material fact on the substantial risk of serious harm element. In his sworn complaint, which this Court must consider for purposes of summary judgment, *see Sears v. Roberts*, 922 F.3d 1199, 1208 (11th Cir. 2019),[1] Plaintiff alleges that at the time he was assaulted, he was housed with security-threat inmates in gangs that target transgender and gay individuals with violence. ECF No. 33 at 8; *see also* ECF No. 175-3 at 32. Plaintiff is transgender

---

[1] The Report and Recommendation states "that to successfully contest a summary judgment supported by evidence, [Plaintiff] must provide his own evidence and cannot rely solely on the allegations in his complaint or other pleadings." That's partly correct—Plaintiff does have to come forward with evidence at the summary judgment stage if Defendants show an absence of any genuine disputes of material fact. But factual allegations in a *sworn* complaint—like Plaintiff provides here, *see* ECF No. 33 at 23—are evidence that must be considered on summary judgment.

3

and gay. ECF No. 33 at 9. From this testimony, this Court finds that a reasonable jury could conclude that Plaintiff faced a substantial risk of serious harm when he was placed with other inmates that were both (1) demonstrated security threats and (2) in gangs that target transgender and gay inmates.

Plaintiff also comes forward with sufficient evidence to create a genuine dispute of material fact as to the deliberate indifference element. At the summary judgment stage, Plaintiff must point to evidence showing Defendants Mote and Tom's "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman*, 718 F.3d at 1331–32 (quoting *Townsend v. Jefferson Cnty.,* 601 F.3d 1152, 1158 (11th Cir. 2010)).

> Proof of deliberate indifference requires a great deal more than does proof of negligence: "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and he must also draw the inference*.' " *Purcell,* 400 F.3d at 1319–20 (emphasis supplied) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994)).

*Goodman*, 718 F.3d at 1332. "Whether prison officials had the requisite awareness of the risk 'is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.' " *Id.* (quoting *Farmer,* 511 U.S. at 842).

4

By the slenderest of reeds, Plaintiff has come forward with sufficient evidence to show that Defendants had the requisite awareness of his substantial risk of harm.[2] As set out above, Plaintiff makes sworn factual allegations that illustrate an obvious danger that transgender, gay inmates like Plaintiff face when housed with high-risk inmates in allegedly notorious gangs that target such prisoners with violence. Plaintiff also alleges that, after he reported the assault, Defendants Mote and Tom commented that Plaintiff would not have been attacked if he were not gay. ECF No. 33 at 11; ECF No 175-3 at 19, 29.[3] Despite this apparent knowledge of the dangerous conditions in Plaintiff's housing unit, Defendants Mote and Tom failed to man their posts, leaving Plaintiff and another inmate subject to attack from the high-risk inmates. *See* ECF No. 175-3 at 25–26. This obvious risk, combined with Defendants

---

[2] The Report and Recommendation recites the standard for accepting the version of events shown on Defendants' surveillance footage rather than Plaintiff's testimony, and it describes the footage as well. ECF No. 197 at 8, 23. The Report and Recommendation did not, however, make any finding that the video footage should be accepted over Plaintiff's competing narrative. This Court finds that the video footage cannot be accepted over Plaintiff's testimony because, while there are inconsistencies between the two, they are not so serious as to "utterly discredit" Plaintiff's testimony so that no reasonable jury could believe it. *See Brooks v. Miller*, --- F.4th ---, 2023 WL 5355022, at *6 (11th Cir. 2023). Importantly, as the Report and Recommendation notes, the footage comes from a camera with a fixed angle and does not show the area where the assault allegedly occurred. This leaves substantial portions of Plaintiff's testimony uncontroverted by the video.

[3] At his deposition, Plaintiff alleges that both Defendant Mote and Defendant Tom made comments to this effect, ECF No. 175-3 at 19, before noting later that Defendant Tom was not present for some part of the exchange, *id.* at 29. While these allegations could be read to contradict each other, this Court must view the evidence in the light most favorable to Plaintiff as the non-movant and draw all reasonable inferences in his favor. From this testimony, this Court draws the reasonable inference that both Defendants made comments regarding Plaintiff's sexuality and its role in his attack, with Defendant Mote making additional comments separate from Defendant Tom at some point in the exchange.

Mote and Tom's alleged statements after Plaintiff's attack implying they knew of his risk, would permit a reasonable jury to find that Defendants Mote and Tom had subjective knowledge of a risk of serious harm and disregarded that risk by conduct that was more than negligent.

Finally, Plaintiff has produced sufficient record evidence to create a genuine dispute of material fact on the causation element of his deliberate indifference claim. In his deposition, Plaintiff explains that the unmanned guard station was surrounded by glass and "feet away" from the bathroom where he was assaulted. ECF No. 175-3 at 27. While Plaintiff does not estimate how long the assault in the bathroom took place, the assault involved other inmates taking the few items in Plaintiff's possession, forcing him to disclose the passcode to his locker, dispatching other inmates to steal items from Plaintiff's locker, receiving confirmation that the locker had been cleared out, and moving Plaintiff to a different area of the bathroom to sexually assault him. In plain terms, this was not a brief incident. From this evidence, a reasonable jury could conclude that if Defendants Mote and Tom had been at their duty stations, Plaintiff would not have been assaulted.

Accordingly, Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment claim fails because he has made out genuine disputes of material fact as to all three elements of the claim.

B

Next, Plaintiff's First Amendment retaliation claim against Defendant Cruz. The Magistrate Judge recommended that Defendant Cruz be awarded summary judgment because Plaintiff failed to come forward with evidence that he suffered an adverse effect. ECF No. 197 at 25–26. This Court disagrees and finds that Plaintiff raises a genuine dispute of material fact as to all elements of his retaliation claim.

"An inmate may maintain a cause of action for retaliation under 42 U.S.C. § 1983 by showing that a prison official's actions were '*the result of* [the inmate's] having filed a grievance concerning the conditions of his imprisonment.' " *O'Bryant v. Finch*, 637 F.3d 1207, 1212 (11th Cir. 2011) (quoting *Farrow v. West*, 320 F.3d 1235, 1248 (11th Cir. 2003)). To prevail on a retaliation claim, an inmate must establish that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech [the grievance]." *O'Bryant*, 637 F.3d at 1212 (quoting *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008)).

Plaintiff points to sufficient evidence on the first element, noting that he reported his assault to corrections officers and filled out a written statement. ECF No. 175-3 at 11–12. Lodging such a grievance with prison officials "is

7

unquestionably a constitutionally protected act." *Bates v. Anderson*, No. CV210-088, 2011 WL 2550466, at *4 (S.D. Ga. May 9, 2011), *report and recommendation adopted*, No. CV210-088, 2011 WL 2550365 (S.D. Ga. June 27, 2011).

Plaintiff also comes forward with enough evidence to raise a genuine dispute of material fact on the second element of his retaliation claim—that a person of ordinary firmness would likely be deterred from reporting his sexual assault. This standard is an objective one, focusing not on whether Plaintiff was deterred, but instead on whether a person of ordinary firmness would be deterred from engaging in protected speech. *See Bennett v. Hendrix*, 423 F.3d 1247, 1254 (11th Cir. 2005); *Hall v. Martin*, No. 5:19-CV-471-TKW/MJF, 2021 WL 2420149, at *5 (N.D. Fla. May 21, 2021), *report and recommendation adopted*, No. 5:19-CV-471-TKW/MJF, 2021 WL 2416372 (N.D. Fla. June 14, 2021).

Here, Plaintiff submits evidence showing that after he reported his sexual assault at the hands of other inmates, Defendant Cruz slapped him several times, all while Plaintiff was restrained, and directed him to withdraw his report. ECF No. 33 at 16; ECF No. 175-3 at 20–21. In Plaintiff's telling, Defendant Cruz also threatened to "to have an inmate put in the cell with [Plaintiff] to get [him] beat up . . . ." ECF No. 175-3 at 20. After this interaction, Plaintiff was placed in protective custody,

meaning that no other inmates should have been housed with him.[4] *See id.* at 22–23. Nevertheless, an inmate was soon placed in Plaintiff's cell. *Id.* The inmate was larger in size than Plaintiff and was awaiting reassignment following a disciplinary issue in another facility that prompted a use of force from correctional officers. *Id.*

In sum, Plaintiff submitted sworn allegations and testimony describing Defendant Cruz physically assaulting him, demanding that he withdraw his report of sexual assault, and threatening to assign an inmate to be housed with Plaintiff and beat him up. After this exchange, an inmate was placed in Plaintiff's cell, despite his being in protective custody, in line with Defendant Cruz's threat. Defendant Cruz's alleged battery of Plaintiff, his threats, and his attempt to carry out the threat would permit a reasonable jury to find that a reasonable person would be deterred from reporting a sexual assault to prison officials.[5]

---

[4] Defendants insist that under FDC policy, both Plaintiff and the inmate assigned to be housed with him following his assault were in administrative confinement and thus, their being in the same cell was proper. ECF No. 175 at 40–41. The cited FDC policy permits inmates to be placed in administrative confinement together before being moved to disciplinary or protective confinement. *Id.* Plaintiff, however, alleges that when the inmate was improperly housed with him after he reported the assault, he was already in *protective* confinement, *see* ECF No. 175-3 at 22, so this policy would not apply to him. And at this stage, this Court must accept Plaintiff's testimony as true, so FDC's policy does not defeat Plaintiff's retaliation claim.

[5] The Report and Recommendation asserts that Plaintiff's retaliation claim fails in part because it relies on being placed in confinement in violation of prison regulations. ECF No. 197 at 28. Citing the Supreme Court's decision in *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005), the Report and Recommendation explains that as a prisoner, Plaintiff has no right to any particular housing assignment. This assertion is misplaced. Although the Supreme Court in *Wilkinson* held that "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement" under the Due Process Clause, it explained that "a liberty interest in avoiding particular conditions of confinement may arise from state policies or

The Report and Recommendation emphasizes that, based on Defendants' records, Plaintiff's timeline of events is inaccurate and that Defendant Cruz could not have assigned an inmate to be housed with Plaintiff because he was not working when the inmate arrived at the subject facility. ECF No. 197 at 27. True, this evidence casts doubt on Plaintiff's version of events and may indicate that Defendant Cruz did not retaliate against Plaintiff for reporting a sexual assault. But at the summary judgment stage, this Court must take Plaintiff's evidence as true and draw all justifiable inferences in his favor. *See Anderson*, 477 U.S. at 255. Here, Plaintiff's sworn allegations in his complaint and deposition testimony raise a genuine dispute of material fact as to whether a reasonable person would be deterred from engaging in protected conduct following Defendant Cruz's alleged actions.

Plaintiff also comes forward with sufficient evidence on the causal connection element of his retaliation claim. "To establish causation, the plaintiff must show that the defendant was 'subjectively motivated to discipline' the plaintiff for exercising his First Amendment rights." *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011) (quoting *Smith v. Mosley,* 532 F.3d 1270, 1278 (11th Cir. 2008)). Here, as set out above, Plaintiff avers that Defendant Cruz made specific threats linking the promised harm to his sexual assault report. Plaintiff also alleges that Defendant Cruz

---

regulations . . . ." 545 U.S. at 221. Setting aside this distinction, Plaintiff's claim involves First Amendment retaliation, and courts regularly find that changes in inmate housing can qualify as an adverse effect. *See Hall*, 2021 WL 2420149 at *5 (collecting cases).

interspersed his demands that Plaintiff withdraw the sexual assault report with physical strikes. This sequence of events would permit a reasonable jury to find that Defendant Cruz was motivated to discipline Plaintiff for exercising his First Amendment right to report a sexual assault.[6] Accordingly, Plaintiff has demonstrated a genuine dispute of material fact as to all three elements of his First Amendment retaliation claim, and Defendant Cruz's motion for summary judgment on this claim fails.

II

Having addressed Defendants' motion for summary judgment on its merits, this Court must now turn to whether Defendants are entitled to qualified immunity. Qualified immunity is a shield from liability for government actors, prohibiting "civil damages for torts committed while performing discretionary duties unless their conduct violates a clearly established statutory or constitutional right." *Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). An official asserting qualified immunity must first prove that he or she was acting within the scope of his or her "discretionary authority at the time of the alleged constitutional violation." *Morris v. Town of Lexington*, 748 F.3d

---

[6] In their motion for summary judgment, Defendants make no argument and point to no evidence that Cruz would have taken the same alleged actions against Plaintiff even if he had not filed a sexual assault report. *Cf. Mosley*, 532 F.3d at 1278 (noting that defendants in a retaliation case can prevail on summary judgment if they can show that they would have taken the challenged action even in the absence of a plaintiff's protected activity).

11

1316, 1321 n.15 (11th Cir. 2014). Once that threshold is met, the burden shifts to the plaintiff to establish (1) a violation of a constitutional or statutory right and (2) that the right was clearly established when the violation in question occurred. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citations omitted).

Defendants are not entitled to qualified immunity. Plaintiff does not dispute that Defendants acted in their discretionary authority when they committed their alleged wrongs, and this Court agrees. The burden then shifts to Plaintiff to show that Defendants violated clearly established constitutional rights. As set out above, Plaintiff has established that, viewing the facts in the light most favorable to him and drawing all reasonable inferences in his favor, Defendants violated his First and Eighth Amendment rights. This leaves this Court to resolve whether the law supporting Plaintiff's constitutional claims was clearly established.

One way for Plaintiff to show that the law is clearly established is to point to a "broader, clearly established principle [that] should control the novel facts [of the] situation." *Terrell v. Smith*, 668 F.3d 1244, 1255 (11th Cir. 2012) (internal citation omitted). In plain terms, the Supreme Court and the Eleventh Circuit have clearly established the broad principles that corrections officers cannot act with deliberate indifference to a substantial risk of violence faced by an inmate nor can they retaliate against that inmate for filing a grievance. Those broad principles should control the facts here.

For the Eighth Amendment deliberate indifference claim against Defendants Mote and Tom, the Supreme Court's decision in *Farmer* sets forth the broad principle that failing to take reasonable steps to protect a transgender inmate when there is a substantial threat of harm from other inmates violates the Eighth Amendment. This broad, clearly established principle should have put Defendants Mote and Tom on notice that, in a dorm where gay and transgender inmates are housed with security-risk inmates belonging to gangs that target gay and transgender individuals, abandoning an officer station near the bathroom for at least several minutes violates the Eighth Amendment. *Cf. Scott v. Miami Dade Cnty.*, 657 F. App'x 877, 885 (11th Cir. 2016) (holding *Farmer* established broad principle putting corrections officers on sufficient notice for qualified immunity purposes that doing nothing in face of threat to inmate from other inmates violates Eighth Amendment).

For the First Amendment retaliation claim, the Eleventh Circuit's holding in *Bennett* makes clear that, "since at least 1988 . . . it is 'settled law' that the government may not retaliate against citizens for the exercise of First Amendment rights." 423 F.3d at 1256. This broad, clearly established principle should have put Defendant Cruz on notice that physically striking Plaintiff, in addition to threatening (and apparently attempting) to have an inmate beat Plaintiff up if he did not withdraw his sexual assault report, qualifies as First Amendment retaliation.

Accordingly, this Court finds that Plaintiff has demonstrated a violation of his First and Eighth Amendment rights and that these rights were clearly established when the violations in question occurred. Thus, Defendants are not entitled to qualified immunity at this stage.

III

This Court finds no error in the remainder of the Magistrate Judge's recommendations. Accordingly, this Court adopts the Magistrate Judge's following recommendations:

- Defendants' exhaustion defenses are moot or otherwise untimely;
- Defendants are entitled to Eleventh Amendment immunity from official capacity claims; and
- Plaintiff's state law property claims have already been properly dismissed.

IV

This Court is sympathetic to the difficulties corrections officers face in balancing their duty to protect inmates while also maintaining order, all with limited resources. This Court also notes that Defendants' version of events may well be true, which would doom Plaintiff's claims. But at the summary judgment stage, this Court cannot weigh evidence and supplant the role of the factfinder. Here, while a close

call, Plaintiff has come forward with sufficient evidence to defeat Defendants' motion for summary judgment. Accordingly,

**IT IS ORDERED**:

1. The Report and Recommendation, ECF No. 197, is **ACCEPTED in part** and **REJECTED in part**.

2. Defendants' motion for summary judgment, ECF No. 175, is **GRANTED in part** and **DENIED in part**.

3. Defendants' motion for summary judgment is **GRANTED** as to their entitlement to Eleventh Amendment immunity from official capacity claims, and Plaintiff's state law property claims have already been properly dismissed.

4. Defendants' motion for summary judgment is **DENIED** as to Plaintiff's First Amendment and Eighth Amendment claims, as well as to their entitlement to qualified immunity.

5. This Court does *not* direct entry of judgment on the issues decided in this Order under Federal Rule of Civil Procedure 54(b).

6. The Clerk is **DIRECTED** to set this matter for a pretrial conference and trial.

   **SO ORDERED on September 5, 2023.**

                                    s/Mark E. Walker                     
                                    **Chief United States District Judge**